## Case No. 17,280.

### WATSON et al. v. CUNNINGHAM et al.

[4 Fish. Pat. Cas. 528; 19 Pittsb. Leg. J. 142; Merw. Pat. Inv. 432; 3 Pittsb. Rep. 366.] [1]

Circuit Court, W. D. Pennsylvania. May, 1871.

PATENTS FOR INVENTIONS—ORIGINAL COMBINATION —FRUIT JARS.

1. A combination is to be regarded as a unit, and if all its essential elements have not before been embodied and employed together, it is to be taken as an original invention.

2. A combination, all the elements of which are old, is patentable if a new or improved result is thereby obtained; and a combination, all the elements of which, except a single one, have been before used together, is also the subject of a patent.

3. The patentee claimed a metal cap, provided with projections or supporting lugs, in combination with a wire fastener, an India rubber ring or gasket, and a jar, the whole constructed and operating substantially as and for the purpose specified; and it appeared that, in his jar, the pressure of the fastener was upon the circumference of the cover only. Prior jars had been made and used with a shoulder bed, on which an India rubber gasket rested, and with a metal cap which was pressed upon the gasket and held down with a wire yoke, but without the feature of exclusive circumferential pressure. Held, that such jars did not anticipate the patented combination.

This was a bill in equity, filed [by Mark W. Watson, John McM. King, and John H. McKelvey, partners as William McCully & Co.] to restrain the defendants [W. Cunningham, D. Ihmsen, R. Cunningham, and D. O. Cunningham, partners as Cunninghams & Ihmsen], from infringing letters patent for "improvement in fruit jars," granted to D. Irving Holcomb. December 14, 1869, and assigned to complainants. The claim of the patent was as follows: "The metal cap D, provided with the projections or supporting lugs d d, in combination with fastener E, ring C. and jar A, the whole constructed and operating substantially as and for the purpose specified."

William Bakewell, for complainants.
R. B. Carnahan, for defendants.

McKENNAN, Circuit Judge. The complainants are the exclusive assignees of D. Irving Holcomb, to whom letters patent No. 97.920. dated December 14, 1869, for "an improvement in fruit jars," was granted. Their

1 [Reported by Samuel S. Fisher. Esq.. and here reprinted by permission. Merw. Pat. Inv. 432. contains only a partial report.]

bill alleges an infringement by the respondents of these letters, and prays for an injunction and an account. In their answer, the respondents admit that, from about August 1. 1868, they made and manufactured fruit jars, in all essential features of construction and combination like the fruit jar patented to Daniel Irving Holcomb, including the metallic cap and the mode of applying it to the jar (except that they have a groove instead of a flat surface for the reception of the India rubber ring), as claimed in said patent, but they deny that said Holcomb originated the invention described in the patent. The only question to be considered, then, involves the novelty of the alleged invention.

The claim in the patent is for a metal cap, provided with projections or supporting lugs, in combination with a wire fastener, an India rubber ring or gasket, and a jar, the whole constructed and operating substantially as and for the purpose specified. In the specification, the mode of constructing and combining the several elements thus stated in the claim is fully explained. A fruit jar of glass or other material is made with a wide, flat surface, or shoulder-bed, to receive a flat rubber ring or gasket, which encircles an upright projection forming the mouth of the jar. Upon this projection is made to fit a thin metal cover with a flanged rim, which rests on the rubber gasket. On the opposite sides of the circumference of this cap are ridges or elevations in its surface, with a slight depression in the middle of each of them, on which a wire yoke, to hold the cover down, is designed to rest and to be kept in place. This yoke is bent at its extremities. and is made to fit tightly on the shoulder of the jar. so as to cause a downward pressure on the cap. The function of the ridges is to furnish a bearing for the wire fastener, and at the same time to hold it in its place. While, therefore, the fastener rests only on these elevations, there is no central pressure on the cover, by which the springing of the flange might be caused, and the air thus be allowed to pass between it and the rubber. The pressure is concentrated upon the circumference of the cover directly over the flange, and thereby a closer contact with the gasket is produced and maintained, and the air more effectually excluded. This is the distinguishing merit of the invention.

Facility and cheapness of manufacture, susceptibility of repeated use, and air-tightness are the most valuable qualities of a fruit-preserving jar. Any vessel, then, which most conspicuously embodies these properties, is best adapted to public use, and to supply what may be regarded as almost a domestic necessity. This extended and growing want, the patentee seems to have successfully met. For, by taking a vessel of easy manufacture and of moderate cost, he has applied to it a method of sealing it, of

remarkable simplicity and cheapness, and of apparent efficacy, and has rendered it susceptible of use for an indefinite period. If his method is new, there can be no doubt, then, of its patentable merit.

In the light of the proofs in the case, the novelty of the invention is as clear as its utility is obvious. It is satisfactorily proved, that the patentee had fully conceived the abstract idea of his invention as early as January, 1868, and that in April of that year, he embodied it in the form of a model in wood, as completely and exactly as he described it afterward in his specification. In all the preserving vessels in use, before that time, which have been exhibited in evidence, the devices employed to exclude the air are different in operation from that indicated by the patentee. The nearest approximation to his invention appears in those jars constructed with a shoulder, upon which an India rubber gasket rests, with a thin metal cover pressed down on it by a wire yoke, and with elevations or lugs operating only to prevent the lateral displacement of the yoke. But they lack the distinguishing device used by the patentee, by which the bearing of the fastener is only on the periphery of the cover, and its downward pressure is thus certainly concentrated upon the whole circumference of the flange. Differing in this essential feature, for it is obvious that the sealing mechanism is thereby made more effective, and an improved result obtained, they are distinguishable from the patentee's invention by the omission of one of the most important constituents of the combination therein embodied.

It is scarcely necessary to support this conclusion by a restatement of the familiar principle that a combination, all the elements of which are old, is patentable, if a new or improved result is thereby obtained, or that a combination, all the elements of which, except a single one, have been before used together, is also the subject of a patent. The whole combination is to be regarded as a unit, and if all its essential elements have not before been embodied and employed together, it is to be taken as an original invention.

While, therefore, it is apparent that fruit-preserving jars were made and in use before, with a shoulder-bed on which an India rubber gasket rested, and with a metal cap which was pressed upon the gasket and held down by a wire yoke, yet it does not appear that the patentee's device to secure more effectual sealing—the vital function of the whole mechanism—by exclusive circumferential pressure, was employed in any of them. His claim, then, for a combination, of which this device constitutes an essential and valuable part, embodies a new and original invention, and is entitled to protection against infringement.

A decree will accordingly be entered for an injunction and an account.